**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BELINDA B. BALDWIN, | ) |
| Plaintiff, | ) |
| | ) Case No. 15-CV-85-JED-FHM |
| v. | ) |
| | ) |
| INDEPENDENT SCHOOL DISTRICT NO. 1 | ) |
| OF TULSA COUNTY, OKLAHOMA, et al., | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is defendants' motion to dismiss (Doc. 8) the plaintiff's complaint. The defendants have included three documents with their dismissal motion. Those documents were at least generally referenced in plaintiff's Complaint. However, plaintiff alleges that, based upon the circumstances, she signed one of those documents – the Resignation Agreement – under "coercion and duress" and "extortion." (Doc. 2 at ¶¶ 29, 30). She also alleges that the defendant school district utilized "false statements and extreme intimidation to coerce" her to sign the document, and that they "forc[ed] her to sign [it] under duress and coercion." (*Id.* at ¶¶ 52, 53). Because the plaintiff's allegations question the voluntariness of her resignation, the Court declines to consider those documents at the pleading stage or to convert the dismissal motion to a motion for summary judgment. Thus, the allegations of plaintiff's complaint are taken as true for purposes of this order, as is required in evaluating a dismissal motion under Fed. R. Civ. P. 12(b)(6).

In her Complaint, plaintiff asserts five claims: a violation of her due process rights (First Cause of Action); wrongful termination in violation of public policy (Second Cause of Action); breach of employment contract (Third Cause of Action); breach of implied covenant of good

faith and fair dealing (Fourth Cause of Action); and intentional interference with prospective economic advantage (Fifth Cause of Action). Taking the facts alleged in the Complaint as true for purposes of this order, the Court has determined that the dismissal motion should be granted in part and denied in part, as follows:

1. Because plaintiff has asserted facts questioning the voluntariness of her resignation, the defendants' argument that the agreement precludes all of her claims must be reserved for the summary judgment stage, and dismissal on this ground is denied at this time.

2. Defendants acknowledge that the voluntariness of a plaintiff's decision to resign is determinative as to whether she was deprived of due process. (Doc. 8 at 14 of 28). Taking the plaintiff's factual allegations as true, the Complaint states a plausible procedural due process claim.

3. Plaintiff has not stated a claim for wrongful termination in violation of public policy. *See Wilson v. City of Tulsa*, 91 P.3d 673, 679-80 (Okla. Civ. App. 2004) (citing *Barker v. State Ins. Fund*, 84 P.3d 728, 729 (Okla. 2001) (wrongful termination claim is not available to a plaintiff who was not an at-will employee). Plaintiff concedes the motion on this point and has indicated her intent to withdraw that claim. (Doc. 10 at 8 of 27, n. 2). That claim will be dismissed as a matter of law.

4. The Complaint states a plausible claim for breach of an employment contract. The motion to dismiss will be denied as to that claim.

5. There is authority for the general proposition that a claim for tortious breach of the implied covenant of good faith and fair dealing may be recognized under Oklahoma law as to an employment contract, but only where the employer acted with intent to wrongfully deprive an employee of the fruits of the contract. *See, e.g., Robinson v. Southerland*, 123 P.3d 35, 44 (Okla.

Civ. App. 2005) (citing *Hall v. Farmers Ins. Exch.*, 713 P.2d 1027, 1030 (Okla. 1985)); *see also Edwards v. Creoks Mental Health Servs., Inc.*, 505 F. Supp. 2d 1080, 1097 (N.D. Okla. 2007). However, because such a claim "requires proof of an element that necessarily excludes good faith conduct on the part of [the defendant's] employees," the defendant school district cannot be liable on such a claim. *Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1164-65 (Okla. 2009). Plaintiff did not address this issue in her response, and she specifically alleged that the actions of the school district were "wrongful [and] in bad faith." (Doc. 10 at 22 of 27). This claim will be dismissed.

6. Similarly, plaintiff's claim against the school district for intentional interference with prospective economic advantage fails because it also requires proof of an element that necessarily excludes good faith. In *Tuffy's*, the Oklahoma Supreme Court affirmed the trial court's dismissal of a "claim for tortious interference with a business relationship because the tort requires a showing of bad faith and thus cannot be committed within the scope of employment by an employee of a political subdivision." 212 P.3d at 1165-66. Accordingly, a political subdivision is immune on that claim pursuant to the Oklahoma Governmental Tort Claims Act. *See id.* at 1164-66. This claim will be dismissed.

7. Defendant Jessica Haight has asserted qualified immunity as grounds for dismissal of any due process claim against her. The facts alleged by plaintiff do not make out a violation of her due process rights by Ms. Haight, and plaintiff has not cited any legal authority to show that the alleged acts of Ms. Haight violated any clearly established federal right. As a result, Ms. Haight will be dismissed from this action.

IT IS THEREFORE ORDERED that the motion to dismiss (Doc. 8) is **granted in part and denied in part**. Plaintiff's Second, Fourth, and Fifth Causes of Action are **dismissed**. The

4

dismissal motion is **denied** as to plaintiff's First and Third Causes of Action against the defendant school district.  Plaintiff's due process claim against defendant Jessica Haight is **dismissed**, and Ms. Haight is **dismissed from this action**.

    IT IS SO ORDERED this 31st day of March, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE